# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| HOWARD W. LEE, | § | |
|                Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-174-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|                Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Howard W. Lee, #1016513, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

Lee is serving a nine-year sentence in TDCJ on his 2000 state court conviction for sexual

assault of a child under seventeen years of age. *Ex parte Lee*, Application No. WR-49,180-01, at 36. Lee was denied release to parole by the Texas Board of Pardons and Paroles (the Board) on October 5, 2007, and the Board designated his case as "serve all." (Petition Attachment) The Board relied on the following factors for its denial:

> 2D. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public; the record indicates use of a weapon.
>
> 5D. The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia revocations.

Lee filed a state habeas application challenging, among things, the Board's denial of parole, which was dismissed by the Texas Court of Criminal Appeals as successive on October 10, 2007. *Ex parte Lee*, State Habeas Application No. WR-49,180-04, at cover. This federal petition for habeas relief followed.

### D. ISSUES

Generally, Lee complains of the Board's denial of his release on parole, its practices and procedures, and the policies regarding the suitability of an inmate for release on parole. (Petition at 7 & Pet'r Brief in Support at 1-3)

### E. RULE 5 STATEMENT

Quarterman asserts Lee's claims are unexhausted as required by § 2254(b)(1)(A), because the state habeas application wherein he raised one or more of his claims was dismissed on procedural grounds. However, as noted by Quarterman, the Court may deny relief on the merits notwithstanding the failure to exhaust under § 2254(b)(2).

F.  DISCUSSION

Lee claims he has a protected vested interest in release to parole, and the Board's denial of his release, its practices, and its reliance upon a series of unchanging factors, which the trial court already considered at the time it assessed punishment, violate his constitutional rights. (Petition at 7-8 & Pet'r Brief in Support at 1-3)

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Contrary to Lee's assertion, Texas parole statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32. Thus, while a petitioner may be eligible for parole, the failure of the Board to grant parole does not merit federal habeas relief. *Orellana*, 65 F.3d at 31-32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). Because Lee has no protectible interest in obtaining parole, his constitutional claims regarding certain procedures employed by the Board and its policies and guidelines affecting his suitability for parole or the factors considered by the Board to reach its decision necessarily fail. *See Portley v. Grossman*, 444 U.S. 1311, 1312-13 (1980); *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Allison*, 66 F.3d at 73; *Orellana*, 65 F.3d at 32.

Also, contrary to Lee's assertion, good and work time credits apply only to an inmate's

eligibility for parole or mandatory supervision and do not reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate. *See* Tex. Gov't Code Ann. § 498.003(a) (Vernon 2004)

In conclusion, Lee has failed to prove that he has been denied any constitutionally protected right. Absent a claim that he has been deprived of some right secured to him by the United States Constitution or laws, habeas relief is not available. *Thomas v. Torres,* 717 F.2d 248, 249 (5th Cir. 1983).

## II. RECOMMENDATION

Lee's petition should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 9, 2009. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

4

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 9, 2009, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 19, 2008.

                                                   /s/    Charles Bleil
                                            CHARLES BLEIL
                                            UNITED STATES MAGISTRATE JUDGE